150

[970 NYS2d 456]

In the Matter of PHILIP M. MANGER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 13, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Philip M. Manger*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Philip M. Manger was admitted to the practice of law in the State of New York by the First Judicial Department on June 19, 1978. He does not maintain an office in New York.

The Departmental Disciplinary Committee (Committee) now seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11, accepting respondent's affidavit of resignation from the practice of law and striking his name from the roll of attorneys.

Respondent co-founded and operated Credit Collections Defense Network (CCDN), an entity which purportedly offered debt relief services and legal assistance to consumers in connection with credit card debt and collection matters. By decision dated March 25, 2011, respondent was found by the United States District Court for the Northern District of Illinois, Eastern Division, to have made false and deceptive statements in violation of the federal Credit Repair Organizations Act (15 USC § 1679b), and the Illinois Credit Service Organizations Act (815 ILCS 605/5). By decision dated March 7, 2011, CCDN was found to have repeatedly violated West Virginia Consumer Credit and Protection Act (W Va Code § 46A-6-101 *et seq.*) by, inter alia, engaging in unfair and deceptive practices by failing to disclose material information about their services and misleading consumers into entering into contracts. Respondent was also found to have engaged in the unauthorized practice of law in West Virginia.

Respondent acknowledges, in his affidavit of resignation, that he is aware that the Committee has alleged in its pending collateral estoppel petition that he has engaged in fraudulent or deceptive business practices and the unauthorized practice of law, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]),* and states that he cannot defend himself against the allegations of misconduct described in the petition (*see Matter of Thillet*, 100 AD3d 223 [1st Dept 2012]; *Matter of Bristol*, 94 AD3d 85 [1st Dept 2012]).

Inasmuch as respondent's affidavit of resignation conforms with 22 NYCRR 603.11, the Committee's motion should be

---

* Respondent's misconduct occurred prior to April 1, 2009 and is therefore evaluated under the former Code of Professional Responsibility.

granted to the extent of accepting respondent's resignation from the practice of law, and striking his name from the roll of attorneys nunc pro tunc to April 24, 2013, the date the affidavit was sworn to. The Committee's petition to accord collateral estoppel effect to certain decisions of the Northern District of Illinois, Eastern Division, and the West Virginia Circuit Court of Kanawha County, finding respondent guilty of professional misconduct, should be denied as moot.

Accordingly, the Committee's motion should be granted, respondent's resignation from the practice of law accepted, and respondent's name stricken from the roll of attorneys, effective nunc pro tunc to April 24, 2013.

MAZZARELLI, J.P., SWEENY, MOSKOWITZ, MANZANET-DANIELS and GISCHE, JJ., concur.

Petition deemed withdrawn; respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to April 24, 2013.